IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles Bracken, William Deforte, William Jackson, and Patrick Jennings, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| The County of Allegheny, William P. Mullen as Sheriff of Allegheny County, the Allegheny County Sherriff's Office, Chelsa Wagner as Allegheny County Controller, the Allegheny County Controller's Office, Allegheny County District Attorney John Fitzgerald (In His Official Capacity and as an Individual), and Allegheny County District Attorney Inspector Darrel Parker (In His Official Capacity and as an Individual, Jointly and Severally, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:16-cv-171<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |
| Defendants. | ) | |

## MEMORANDUM ORDER

**Cynthia Reed Eddy, United States Magistrate Judge**[1]

### I. Introduction

Four current and/or former Pennsylvania constables initiated this civil rights action under 42 U.S.C. §§ 1983, 1985, and 1986, and Pennsylvania law against seven Allegheny County entities and officials: Allegheny County, the Allegheny County Sheriff's Office; Allegheny County Sheriff William P. Mullen ("Sheriff Mullen"); Allegheny County Assistant District Attorney John Fitzgerald ("ADA Fitzgerald"); Allegheny County District Attorney Inspector

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct any and all proceedings in this action. (ECF Nos. 56-60).

1

Darryl Parker ("Inspector Parker"); the Allegheny County Controller's Office; and Allegheny County Controller Chelsa Wagner ("Controller Wagner"). There are currently four pending motions to dismiss the Plaintiffs' amended complaint. (ECF Nos. 28, 30, 32, 35). The parties have submitted hundreds of pages of legal briefs and documents in connection with these pending motions, (ECF Nos. 29, 31, 33, 36, 39, 41, 43-48, 51-54), all of which have carefully been reviewed by the Court. Upon review of the amended complaint and these filings, the Court agrees with Defendants that the amended complaint lacks facial plausibility and deserves to be dismissed for failure to state a claim. However, Plaintiffs will be given an opportunity to file a second amended complaint.

## II. Legal Standard

"Under Rule 12(b)(6), a motion to dismiss will be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 88 (3d Cir. 2011). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Further, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pa. ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal marks and citation omitted); *see also Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007).

### III. Factual Background

The amended complaint (ECF No. 12) consists of 266 paragraphs and spans over thirty-four pages, but distilled to its essence, the salient allegations asserted therein are as follows. At all relevant times, Plaintiffs Charles Bracken ("Constable Bracken"), William DeForte ("Constable DeForte"), William Jackson ("Constable Jackson"), and Patrick Jennings ("Constable Jennings") were elected constables in Pennsylvania. The amended complaint asserts that in Allegheny County, there has been a long history of employees of the Sheriff's Office harboring animosity toward the constables. Said animosity was based, in part, on members of the sheriff's office wanting the exclusive rights to collecting fees associated with serving Allegheny County Family Division bench warrants. Motivated to achieve these exclusive rights at the expense of the constables in Allegheny County, various unnamed officials of the Sheriff's Office influenced ADA Fitzgerald and Inspector Parker to arbitrarily single out a select group of politically unpopular constables, including the Plaintiffs.

Beginning in 2013, Inspector Parker and ADA Fitzgerald began investigating Plaintiffs for the way in which they submitted fee vouchers on family division warrants, specifically with respect to "turn-ins," *i.e.*, a situation where a constable arranges for an individual with an active bench warrant to appear at the family division without taking that individual into physical custody. Inspector Parker and ADA Fitzgerald knew that Plaintiffs' submissions of their fee vouchers on family division warrants were approved by the relevant supervisors, consistent with the practices of the other constables in Allegheny County, and in accordance with longstanding and agreed upon practice in Allegheny County. Plaintiffs contend that these billing practices had been in place since at least 2006 when a purported "contract" was reached between various interested individuals and County entities. According to Plaintiffs, this "contract" was

memorialized in a Memo by the director of the family division and later reinforced in a 2012 Constables Handbook.[2] The amended complaint asserts that prior to Inspector Parker and ADA Fitzgerald's investigation, the standard practice for addressing any discrepancies or errors on the fee vouchers submitted by a constable was to strike the voucher and return it to the constable for correction. Inspector Parker and ADA Fitzgerald nonetheless disregarded this standard practice and proceeded with their politically-motivated investigation.

The Controller's office took the "official stance" that any mistakes made by the constables in submitting fee vouchers were inadvertent and that the constables should not be criminally disciplined. Plaintiffs claim that Controller Wagner and Sheriff Mullen failed "to oversee, train and prevent their employees from violating" the Plaintiffs' rights. However, there are no facts in the amended complaint supporting the inference that Controller Wagner or Sheriff Mullen had any interactions with, let alone control over, ADA Fitzgerald and Inspector Parker, who are both employed by the Allegheny County District Attorney's Office, a separate entity.

Between late 2013 and the early part of 2014, Inspector Parker and ADA Fitzgerald ordered that each Plaintiff meet with them separately. At every meeting, Inspector Parker and ADA Fitzgerald accused Plaintiffs of improperly submitting fee vouchers relating to turn-ins on family division bench warrants. Inspector Parker and ADA Fitzgerald demanded that each Plaintiff pay a random, arbitrarily calculated "retroactive" amount to resolve the billing discrepancies, but they refused to disclose to Plaintiffs how they calculated said amounts. Inspector Parker and ADA Fitzgerald acknowledged the existence of the "contract," which

---

[2] The Court has reviewed these documents and notes that they do not list any specific fee schedule. Moreover, the amended complaint implies that the fees charged for turn-ins under this "contract" violated the fee schedule set forth in the Pennsylvania Constables Act, 44 Pa. C.S. § 7161.

4

Plaintiffs claim allowed them to bill for the turn-ins on family division warrants. Nevertheless, Inspector Parker and ADA Fitzgerald threatened that failure to pay the applicable amount would result in Plaintiffs being charged with multiple felonies. Based on fear and intimidation, Constables Bracken and Jennings both paid the respective demanded amounts. Constable Jackson refused to pay the demanded amount, which caused him to be barred from serving any future family division warrants. No criminal proceedings were ever initiated against Constables Bracken, Jennings, and Jackson. Inspector Parker and ADA Fitzgerald charged Constable DeForte with multiple felonies notwithstanding that Constable DeForte "was paid fees allowed to be collected for turn-in warrants in the same fashion the [*sic*] every other constable was historically and customarily allowed as per the terms of the [2006] Memorandum" and was not provided with prior "notice that there was a change in billing policy for turn-in warrant fees charges [*sic*] by constables during the period 2006 through 2013."

## IV. Discussion

After reviewing the amended complaint and Plaintiffs' briefs in opposition to the motions to dismiss, it remains unclear to the Court how many and what types of claims Plaintiffs are attempting to assert under Fourth and Fourteenth Amendments. Some of the Court's confusion is derived from the fact that Plaintiffs inexplicably argue in their briefs in opposition, in conclusory fashion but with great confidence, that they have "clearly" stated claims for legal theories that are not even pled in the amended complaint.[3] Because it is well-established that a pleading may not be amended by a brief in opposition to a motion to dismiss, *Zimmerman*, 836 F.2d at 181, the Court will disregard any arguments made as to legal theories that are not

---

[3] It is also worth noting that in some of their briefs in opposition, Plaintiffs improperly asserted factual allegations that are not contained in the amended complaint and that, in some instances, flatly contradicted the amended complaint's allegations.

specifically pled in the amended complaint. The bulk of the Court's confusion, however, is derived from the disjointed way in which Plaintiffs organized Count I of their amended complaint, which needlessly runs on for 121 paragraphs and contains several subcategories. It is entitled, "[All Plaintiffs] v. [All Defendants] Due Process, 14th Amendment, 4th Amendment Prosecution without Probable Cause, §§ 1983, 1985, and 1986." In addition to conflating these several distinct legal theories, it contains numerous ambiguities.

With respect to their Fourteenth Amendment due process claim, Plaintiffs do not specify whether they are attempting to proceed under the procedural or substantive due process clause, or both. Consequently, Defendants, through no fault of their own, have interpreted this claim differently. For example, the Sheriff's Office Defendants argue that this claim should be analyzed under the procedural due process claim and that any attempt by Plaintiffs to assert a substantive due process claim should instead be analyzed under the Fourth Amendment, (ECF No. 31 at 6), while the Controller Defendants argue that this claim is more appropriately analyzed under the substantive due process clause. (ECF No. 33 at 6-7). Plaintiffs amplify the confusion by making the contradictory statements in their briefs that under the Supreme Court case *Board of Regents v. Roth*, 408 U.S. 564 (1972) (which analyzed the *procedural* due process clause), they "clearly have a *substantive* due process claim with respect to fundamental liberty interests." (ECF Nos. 28 at 8, 30 at 8, 48 at 8) (emphasis added).[4]

---

[4] To the extent that Plaintiffs are attempting to argue that they have a constitutionally protected liberty interest in their reputation, the Court notes that such a claim is not contained in the amended complaint. The only allegations in the amended complaint concerning harm to reputation are located in Count III, which is the state law malicious prosecution claim being asserted solely by Constable DeForte. Therefore, the amended complaint does not state a claim under the due process clause based on damage to the Plaintiffs' reputation, and as discussed above, any arguments advanced by Plaintiffs in their briefs in opposition in connection with the same have been disregarded by the Court.

Plaintiffs' Fourth Amendment claim is also ambiguous. It is entitled "prosecution without probable cause," notwithstanding that the amended complaint expressly pleads that three of the four Plaintiffs were not prosecuted. Further, the amended complaint states that the malicious prosecution claim being asserted by Constable DeForte (and not any other Plaintiffs) is being pursued only under state, not federal, law. Nevertheless, in Plaintiffs' briefs in opposition, they inconsistently contend that *all* Plaintiffs have stated a § 1983 malicious prosecution claim. Moreover, it is unclear to the Court whether Constables Bracken and Jennings – the only Plaintiffs who are alleged to have paid the arbitrarily calculated retroactive fee demanded by ADA Fitzgerald and Inspector Parker in order to avoid being falsely prosecuted – are attempting to proceed under the Fourth or Fourteenth Amendment with respect to these allegations. The fact that their Fourth and Fourteenth Amendment claims are contained in the same count undoubtedly lends to this confusion. *See Walker v. Wentz*, 2008 WL 450438, *5 (M.D. Pa. 2008) ("The use of separate counts becomes increasingly important when a plaintiff files suit against multiple [] defendants and alleges various claims against each."). This lack of clarity by Plaintiffs in their amended complaint and legal memoranda renders many of the legal theories therein incomprehensible; as such, the Court will not will not attempt to guess what undeveloped claims Plaintiffs are trying to assert.

Turning to the merits of the discernable federal claims in the amended complaint, the Court agrees with Defendants that all such claims lack facial plausibility. "An individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation and internal marks and alterations omitted). There are no well-pleaded factual allegations pertaining to any of the Defendants other than ADA Fitzgerald and Inspector Parker. Contrary to Plaintiffs' arguments,

7

Sheriff Mullen and Controller Wagner may not be held liable under § 1983 for constitutional torts committed by their employees or other individuals over which they have no control merely because they are supervisors. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Santiago v. Warminster Twp.*, 629 F.3d 121, 128-29 (3d Cir. 2010) (describing the two theories of supervisory liability in § 1983 actions). Therefore, absent any factual allegations of personal involvement or wrongdoing, the amended complaint's unadorned conclusory allegation that Sheriff Mullen and Controller Wagner "have the duty and responsibility to oversee, train and prevent their employees from violating statutory law and the rights of individuals guaranteed under the Constitution,"[5] is insufficient to state a claim against these individuals. Nor does the amended complaint contain any factual allegations that the Sheriff's Office, the Controller's Office, or Allegheny County itself had in place any municipal customs or policies that caused their alleged constitutional deprivations. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 694 (1978); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (the plaintiff must "identify a custom or policy, and specify what that custom or policy was"); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (discussing municipal liability in the context of failure to train claims and remarking that a "municipality's culpability is at its most tenuous where a claim turns on a failure to train"). As such, the amended complaint does not state a claim against any of these Defendants under § 1983.

Regarding Plaintiffs' allegations that ADA Fitzgerald and Inspector Parker violated the due process clause of the Fourteenth Amendment by interfering with Plaintiffs' constitutionally protected interests in serving family division warrants, Plaintiffs have failed to state a claim. Although they do not specify whether they are attempting to proceed under the procedural or

---

[5] Am. Compl. at ¶ 14.

substantive due process clause, in order to state a claim under either, it is a precondition that they be deprived of a property or liberty interest. *See Labalokie v. Captial Area Intermediate Unit*, 926 F.Supp. 503, 508 (M.D. Pa. 1996). The amended complaint simply fails to include any facts showing that Plaintiffs had a property or liberty interest under the procedural due process clause in continuing to serve family division bench warrants.[6] *See In re Act 147 of 1990*, 598 A.2d 985, 986 (Pa. 1991) (under Pennsylvania law, constables are elected officials and are treated as independent contractors; they are not employees of the Commonwealth, the judiciary, the township, or the county in which they work);[7] *Swinehart v. McAnderws*, 221 F.Supp.2d 552, 556-59 (E.D. Pa. 2002), *aff'd* 69 Fed. App'x 60 (3d Cir. 2003) (constable that received 95% of his assignments from a particular judicial district did not have a property interest in "any statute, regulation, government policy, or mutually explicit understanding of continued employment" and did not have a liberty interest in receiving specific job assignments from that particular judicial district). Additionally, Plaintiffs have failed to plead a property or liberty interest under the substantive due process clause. *See Gikas v. Washington School Dist.*, 328 F.3d 731, 732-33 (3d Cir. 2003) (not all property interests worthy of procedural due process protection are protected by the concept of substantive due process; rather, a property interest must be "fundamental" under the Constitution to be subject to substantive due process protection); *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 138 (3d Cir. 2000) (university professor's property interest in his tenured professorship was not a protected property interest under the substantive due process clause); *Wrench Transp. Sys., Inc. v. Bradley*, 340 Fed. App'x 812, 816 (3d Cir. 2009), quoting *Medeiros v. Vincent,* 431 F.3d 25, 32 (1st Cir. 2005) ("The right to 'make a

---

[6] To the extent that Plaintiffs claim that they had a property interest in the fees based on the purported "contract" that was memorialized in the 2006 Memo and the 2012 handbook, the Court finds that the amended complaint does not plead sufficient facts in support of this position.
[7] *See also Office of Constable v. Dep't of Transp.*, 112 A.3d 678, 682-83 (Pa. Cmwlth. 2015).

living' is not a 'fundamental right' … for substantive due process purposes."): *Mun. Revenue Serv., Inc. v. McBlain*, 347 Fed. App'x 817, 826-27 (3d Cir. 2009) ("Nor can [plaintiff] establish a fundamental property or liberty interest worthy of substantive due process protection. The ability to compete for municipal contracts is not a fundamental property interest and 'defamatory statements that curtail a plaintiff's business opportunities [do not] suffice to support a substantive due process claim.") (internal citations omitted).

The discernable Fourth Amendment claims in the amended complaint must also be dismissed. Although Plaintiffs have labeled this claim "prosecution without probable cause," the Court of Appeals has expressly stated that "prosecution without probable cause is not, in and of itself, a constitutional tort." *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 274 (1994)); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602-03 (3d Cir. 2005). To the extent that Plaintiffs are claiming that their persons were seized for Fourth Amendment purposes when they met with ADA Fitzgerald and Inspector Parker and were coerced to pay a sum of money or face being criminally charged, the Court finds that these allegations are insufficient to constitute a Fourth Amendment violation. "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *Florida v. Bostick*, 501 U.S. 429, 439 (1991) ("[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter."). Here, a fair reading of the amended complaint leads to the

conclusion that Plaintiffs voluntarily went to the meetings with Inspector Parker and ADA Fitzgerald, and there are no allegations suggesting that Plaintiffs were not free to leave.

Plaintiffs have also failed to state a § 1983 malicious prosecution claim. The elements of a § 1983 malicious prosecution claim are as follows:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (footnote omitted). Constables Bracken, Jackson, and Jennings have failed to establish the first, second, third, and fifth elements of this claim because the amended complaint specifically alleges that criminal proceedings were never initiated against them.[8] This claim is also deficient with respect to Constable DeForte because there are no allegations that he suffered a deprivation of liberty consistent with the concept of seizure *as a consequence of* the criminal charges – the fifth element of a malicious prosecution claim. Indeed, there are no allegations in the amended complaint that *after* the criminal charges were initiated, Constable DeForte suffered any deprivation of liberty at all.[9] *DiBella*, 407 F.3d at 603; *Basile v. Twp. of Smith*, 752 F.Supp.2d 643, 660 nn. 18, 19 (W.D. Pa. 2010) (in a § 1983 malicious prosecution claim, "[t]he alleged seizure must occur as a result of the malicious prosecution, and thus, it must occur chronologically after the pressing of charges").

---

[8] *See* Am. Compl. at ¶ 199.
[9] The Court notes that Defendants also make strong arguments that Constable DeForte cannot establish the second element: that the proceedings terminated in his favor. However, because all reasonable inferences must be drawn in favor of Constable DeForte and it is unclear from his briefs in opposition whether he disputes that he paid restitution to have his charges dismissed/withdrawn, the Court declines to make this determination at this time.

The Court finds that any other § 1983 claims that Plaintiffs are trying to pursue under the Fourth or Fourteenth Amendments are insufficiently pled, undeveloped, and, therefore, must be dismissed. Consequently, because Plaintiffs have failed to state a claim under the due process clause of the Fourteenth Amendment, the Court must also dismiss their § 1983 claim against Defendants for conspiracy to violate due process. *See Sweetman v. Borough of Norristown, Pa.*, 554 Fed. App'x 86, 90 (3d Cir. 2014) ("A § 1983 conspiracy claim is viable only if there has been an actual deprivation of a constitutional right."); *Monrea'l v. Lamb*, 2016 WL 278313, *8 (E.D. Pa. 2016) ("When no constitutional violated has been pleaded, no conspiracy claim can be maintained under § 1983.").

The Court will also dismiss Plaintiffs' § 1985(3) conspiracy claim because Plaintiffs allege no factual allegations in support of their conclusory allegations that a conspiracy occurred, and they fail to allege that as constables, they belong to a protected class. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("The language [in § 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."); *Farber v. City of Paterson*, 440 F.3d 131, 135, 137 (3d Cir. 2006) (rejecting political affiliation as a protected class and noting that in the Third Circuit, only "African-Americans, women, and the mentally retarded" have been recognized as § 1985(3) classes). Plaintiffs' § 1986 claim will also be dismissed. In addition to being untimely under the applicable one year statute of limitations, a §1986 claim cannot be maintained without an underlying violation of §1985. *Rogin v. Bensalem Twp.,* 616 F.2d 680, 696-97 (3d Cir. 1980). Having determined that all of the federal claims in the amended complaint should be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims at this time. 28 U.S.C. § 1367(c)(3).

## V. Leave to Amend

Because this is a civil rights case, the Court is required to extend Plaintiffs an opportunity to amend their deficient pleading, irrespective of whether they have requested to do so and irrespective of whether they are counseled, unless it would be futile or inequitable. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-52 (3d Cir. 2007). Although it is unlikely that many of the deficiencies in the amended complaint can be cured, the Court finds that under the circumstances Plaintiffs should be afforded the chance to amend their pleading. When filing the second amended complaint, Plaintiffs must adhere to the following directives that another member of this Court recently gave to *pro se* plaintiffs:

> Plaintiffs must indicate in separate Counts each constitutional right violated or state tort committed, indicating the specific Defendant(s) against whom that claim is asserted, and referencing in separately numbered paragraphs under each count, any factual statements showing that Plaintiffs are entitled to relief. Plaintiff must also include in each Count the specific relief sought against the Defendant(s) named in that Count.

*Thompson v. Hens-Greco*, 2016 WL 7046959, *3 (W.D. Pa. 2016), *Report & Recommendation adopted in* 2016 WL 7035067 (W.D. Pa. 2016). Moreover, the Court will not consider any arguments made by Plaintiffs in briefs in opposition about legal theories or allegations that have not been pled in accordance with the directives in the preceding sentence. *See Zimmerman*, 836 F.2d at 181; *Frederico*, 507 F.3d at 201-02. In responding to the second amended complaint, Defendants may reassert any applicable arguments that they have raised in connection with the pending motions.

## VI. Conclusion

**AND NOW**, this 7th day of February, 2017, in accordance with the foregoing, it is hereby **ORDERED** that the four pending motions to dismiss (ECF Nos. 28, 30, 32, 35) are **GRANTED** and that the Amended Complaint (ECF Nos. 12) is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file a Second Amended Complaint, consistent with this Memorandum Order, on or before **February 21, 2017**. If Plaintiffs do not file a Second Amended Complaint within this timeframe, all federal claims in the Amended Complaint will be dismissed with prejudice and the state law claims will be dismissed without prejudice, and the case will be marked closed.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF