IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRACKEN, et al, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-171 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| THE COUNTY OF ALLEGHENY, et al, | ) | Cynthia Reed Eddy |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER STRIKING SECOND AMENDED COMPLAINT

**Cynthia Reed Eddy, United States Magistrate Judge**[1]

On February 7, 2017, the Court granted four motions to dismiss (ECF Nos. 28, 30, 32, 35) and dismissed Plaintiffs' amended complaint (ECF No. 12), with leave to file a second amended complaint. *See* Memo. Order, ECF No. 61. Plaintiffs filed a second amended complaint on February 21, 2017. (ECF No. 62). For the reasons explained below, the Court will strike the second amended complaint, without addressing the merits of any legal claims therein, because its form is defective. Plaintiffs will be permitted to file a third amended complaint.

Initially, the caption of the second amended complaint only lists "Charles Bracken, et al" as the Plaintiff [*sic*] and "The County of Allegheny, et al" as the Defendants. The parties are not set forth anywhere else in the body of the pleading. As such, the second amended complaint fails to comply with Rule 10(a) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 10(a) ("**Caption; Names of Parties.** Every pleading must have a caption … The title of the complaint must name all the parties.").

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct any and all proceedings in this action. (ECF Nos. 56-60).

1

Further, the second amended complaint inexplicably begins at paragraph 267, after wholly incorporating by reference all of the factual allegations from the amended complaint, notwithstanding that the amended complaint was dismissed by the Court. The Court finds that this is improper and is unnecessarily confusing. Therefore, Plaintiffs' third amended complaint must set forth allegations without reference to the dismissed amended complaint, the stricken second amended complaint, or any other pleading or document in this case.

Additionally, as they did in their amended complaint, Plaintiffs once again confusingly set forth multiple legal theories in a single count. In the previous Memorandum Order, the Court discussed at length the confusion to the Defendants and the Court that resulted from Plaintiffs grouping together multiple, distinct legal theories in a single count. Plaintiffs repeat that practice in their second amended complaint. For example, Count I is asserted by William DeForte against "all" Defendants, despite only containing factual allegations against Defendants Parker and Fitzgerald, for "Due Process, 14th Amendment, 4th Amendment Prosecution without Probable Cause, §§ 1983, 1985, 1986."[2] This is directly contrary to the Court's previous instructions, which expressly stated that the second amended complaint must "indicate in **separate** Counts each constitutional right violated or state tort committed, indicating the specific Defendant(s) against whom that claim is asserted..." (Memo. Order at 13) (emphasis added). Because the second amended complaint does not even identify who the Defendants are and attempts to combine distinct legal theories in a single count, it does not give the defendants fair notice of what the claims are and the grounds upon which they rest. *See Bell Atlantic Corp. v.*

---

[2] *Cf.* Memo. Order, ECF No. 61 at 6-7 (discussing the confusing way in which Plaintiffs organized Count I of the amended complaint for "14th Amendment, 4th Amendment Prosecution without Probable Cause, §§ 1983, 1985, 1986," which caused Defendants to interpret these claims differently; and stating that because "[t]his lack of clarity by Plaintiffs in their amended complaint and legal memoranda renders many of the legal theories therein incomprehensible," "the Court will not attempt to guess what undeveloped claims Plaintiffs are trying to assert").

*Twombly*, 550 U.S. 544, 555 (2007).

Although the content of the second amended complaint is somewhat more clear than the first amended complaint, the second amended complaint still fails to fully comply with the Court's previous instructions or adhere to the form of pleading required by the Federal Rules of Civil Procedure. Therefore, the Court will strike the second amended complaint, and Plaintiffs will be permitted leave to file a third amended complaint.

**AND NOW**, this 22nd day of February, 2017, in accordance with the foregoing, it is hereby **ORDERED** that the Second Amended Complaint (ECF No. 62) is **STRICKEN** from the record for failing to comply with the Court's express directives in the Memorandum Order from February 7, 2017 (ECF No. 61) and the Federal Rules of Civil Procedure. Plaintiffs may file a Third Amended Complaint on or before **March 1, 2017**; failure to comply with this deadline will result in the case being marked closed. Plaintiffs are hereby on notice that they will not be given another chance to file an amended pleading. The Third Amended Complaint must be a stand-alone pleading without reference to any previous pleading or document in this case, and must conform to the Federal Rules of Civil Procedure, and be consistent with the Court's directives in this Order and the Memorandum Order from February 7, 2017.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF